UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 21-00019 |
| Plaintiff, | ORDER |
| v. | |
| MEKAYDA D. JONES and MONIQUE JONES, | |
| Defendants. | |

The order below follows an evidentiary hearing resulting from a limited remand from the Ninth Circuit Court of Appeals, who directed this Court to redetermine the *in personam* money judgment forfeiture amounts in this matter for Defendants Monique Jones and Mekayda Jones. (*See* Dkt. Nos. 448, 453.)

I.  **BACKGROUND**

1. On February 14, 2023, a jury found Defendants Sally Roberto, Monique Jones, and Mekayda Jones guilty of the following in this matter: conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; multiple counts of wire fraud, in violation of 18 U.S.C. § 1343; and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). (*See* Dkt. No. 184.) Through a separate matter, *United States v. Pereda*, Case No. CR21-0004 (D. Guam 2021), Teresa Pereda pleaded guilty to multiple counts of wire fraud, in violation of 18 U.S.C. § 1343, and those wires were

part of the same conspiracy as this matter. *See id.* at Docket Numbers 1, 5, 6, 35.

2. On May 16, 2023, following trial in this matter, the Court entered *in personam* money judgment against Mekayda Jones in the amount of $801,210. (Dkt. No. 256.) This amount was derived from $387,160 in wires from Teresa Pereda and Sally Roberto, along with $414,050 in cashier checks issued to Richland Concepts LLC, an entity controlled by another conspirator, from funds controlled by Mekayda Jones. (*Id.*)

3. Also on May 16, 2023, the Court entered *in personam* money judgment against Monique Jones in the amount of $1,111,280. (*Id.*) This was derived from $578,130 in wires received from Teresa Pereda and Sally Roberto, along with $533,150 in cashier checks issued to Richland Concepts LLC. (*Id.*)

4. On September 20, 2024, the Ninth Circuit remanded this matter for the limited purpose of determining what portion of the amounts above "came to rest" with Mekayda and Monique Jones (rather than simply passed through accounts they controlled). (*See* Dkt. Nos. 448, 453.)

5. On July 29, 2025, in the United States District Court for the Western District of Washington, this Court held an evidentiary hearing on the issue. (*See* Dkt. No 491.) In so doing, it received the following evidence: testimony from Government expert FBI forensic accountant Laurice Otsuka; Testimony from Defense expert Janet McHard, MBA, CPA, CFE; Government exhibits 1–16; and Defense exhibits A-1–A-11.

II. **FINDINGS OF FACT**

1. From February 11, 2019, through August 5, 2019, Teresa Pereda and Sally Roberto wired $387,160.00 collectively to the Chase account ending in 2989, the Bank of America account ending in 9103, the Bank of Texas account ending in 0155, the Resource One accounts ending in 5110 and 1187, and the Legacy Texas account ending in 5720. All of these accounts were in the name of Mythic Trade LLC and

ORDER
CRIMINAL CASE NO. 21-00019
PAGE - 2

Case 1:21-cr-00019    Document 492    Filed 08/08/25    Page 2 of 5

wholly controlled by Mekayda Jones. From these amounts, Mekayda Jones distributed $270,878.87 to other members of the conspiracy. *See* Govt's Ex. 1.

2. From May 14, 2019, through September 30, 2019, Teresa Pereda and Sally Roberto wired $578,130.00 collectively to the Chase account ending in 6307, Resource One account ending in 1166, and Bank of America account ending in 9449. All of these accounts were in the name of Jones Republic LLC and wholly controlled by Monique Jones. From these amounts, Monique Jones distributed $465,815.77 to other members of the conspiracy. *See* Govt's Ex. 2.

3. Monique and Mekayda Jones estimated keeping between 10% and 20% of the funds they received but could not determine the actual amount with any certainty, as they claimed that this amount varied significantly by transaction. *See* Gov'ts Exs. 10–16.

### III. CONCLUSIONS OF LAW

1. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, an *in personam* money judgment against Mekayda and Monique Jones is permissible based on a proven nexus between the counts of conviction and the funds at issue. *See United States v. Newman*, 659 F.3d 1235, 1243 (9th Cir. 2011).

2. In making this showing, the Government need only demonstrate "facts warranting forfeiture by a preponderance of the evidence." *United States v. Christensen*, 828 F.3d 763, 822 (9th Cir. 2015).

3. This Court's resulting determination "does not demand mathematical exactitude." *United States v. Taquarius Kaream Ford*, 296 F. Supp. 3d 1251, 1260 (D. Or. 2017) (citing *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011)).

4. Nevertheless, the amount subject to forfeiture in a money laundering scheme is limited to the funds which "came to rest" with the defendant. *United States v. Villegas*, 2024 WL 510310, slip op. at 1 (9th Cir. 2024) (unpublished) (citing *United*

States v. Thompson, 990 F.3d 680, 690 (9th Cir. 2021).

5. Because Mekayda Jones wholly controlled all of the Mythic Trade financial accounts described above, all amounts received in those accounts from conspirators Ms. Pereda and Ms. Roberto and *not* distributed to other conspirators "came to rest" with Mekayda Jones. *See Villegas*, 2024 WL 510310, slip op. at 1. That amount is $116,281.13.[1] The Court sees no basis to limit this amount to actual withdrawals by Mekayda Jones for personal expenses (as Ms. McHard suggested at the hearing).

6. Because Monique Jones wholly controlled the Jones Republic LLC financial accounts described above, all amounts received in the accounts from conspirators Ms. Pereda and Ms. Roberto and *not* distributed to other conspirators "came to rest" with Monique Jones. That amount is $112,314.23. The Court sees no basis to limit this amount to actual withdrawals by Monique Jones for personal expenses (as Ms. McHard suggested at the hearing).

## IV. ORDER

Accordingly, Mekayda Jones shall forfeit to the United States a revised *in personam* money judgment of $116,281.13 and Monique Jones shall forfeit to the United States a revised *in personam* money judgment of $112,314.23. The Government is DIRECTED to present the Court with a revised forfeiture judgment in these amounts for the Court's approval.

Further, the Government may move pursuant to Rule 32.2(c) to amend this Order to substitute property having a value not to exceed the revised *in personam* money judgments as necessary to satisfy such judgments.

---

[1] According to her testimony at the hearing, Ms. Otsuka proposed reducing this amount by roughly 10% of the total wires received from Ms. Pereda and Ms. Roberto. The Court sees no basis to do so, given that all funds received from Ms. Pereda and Ms. Roberto and not distributed to conspirators came to rest with Mekayda Jones.

1    It is so ORDERED this 8th day of August 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE